IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES *ex rel*. | |
| HEATHCOTE HOLDINGS CORP., INC. An Illinois Corporation, Relator | |
| Plaintiffs, | Case No. 10 C 1468 |
| v. | Hon. Samuel Der-Yeghiayan |
| PHILLIPS SCREW COMPANY and PHILLIPS FASTENER, LLC | Mag. J. Susan E. Cox |
| Defendants. | |

**PHILLIPS SCREW COMPANY'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The Defendant, Phillips Screw Company ("PSC") submits this memorandum in support of its Motion for Summary Judgment. The undisputed facts establish that, contrary to the conclusory allegations of the Plaintiff's Complaint, PSC does not manufacture, distribute or mark with patent numbers any products or packaging for products in the United States, including the Phillips II Plus® High Performance fastener system referenced in the Complaint. Accordingly, as a matter of law, PSC could not have mismarked any products or packaging in violation of 35 U.S.C. § 292.

**UNDISPUTED FACTS**

PSC is a Delaware corporation with a principal place of business in Massachusetts. Complaint at ¶ 2; PSC's Local Rule 56.1 Statement of Material Facts In Support of PSC's Motion For Summary Judgment ("PSC's SMF"), at ¶ 2. Contrary to the allegations of the

Complaint, PSC does not own Defendant Phillips Fastener, LLC.  PSC's SMF, at ¶ 4; Affidavit of Gary M. Sable ("Sable Affidavit"), at ¶ 1.

PSC is in the business of developing technology for driver and fastener recess systems for multiple applications, primarily in the aerospace, automotive and retail markets.  PSC's SMF, at ¶ 5; Sable Affidavit, at ¶ 2.  The company develops and patents proprietary intellectual property for these markets.  PSC's SMF, at ¶ 5.  PSC licenses the technology and patents to various users who, in turn, pay a royalty to PSC for incorporating the patented technology in their products.  PSC's SMF, at ¶ 6; Sable Affidavit, at ¶ 2.

PSC does not manufacture or distribute any products, including the Phillips II Plus ® High Performance fastener system in the United States.  PSC's SMF, at ¶ 7; Sable Affidavit, at ¶ 3.  Accordingly, PSC does not mark or otherwise affix patent numbers on any packaging for any product or any product itself in the United States.  PSC's SMF, at ¶ 8; Sable Affidavit, at ¶ 3.  In particular, PSC did not mark or affix a patent number to any packaging or to the product known as the Phillips II Plus ® High Performance fastener system, including the driver bits.  PSC's SMF, at ¶ 9; Sable Affidavit, at ¶ 3.

## ARGUMENT

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2); *see Knight v. Wiseman*, 590 F.3d 458 (7th Cir. 2009).  A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."

*Scott v. Harris*, 550 U.S. 372 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "Thus, to survive summary judgment, the nonmoving party must present evidence sufficient to establish a triable issue of fact on all essential elements of its case." *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 702 (7th Cir. 2009); *see Rozskowiak v. Vill. of Arlington Heights*, 415 F.3d 608, 612 (7th Cir. 2005) (noting that the nonmoving party must present "evidence on which the jury could reasonably find for the nonmoving party").

The Plaintiff's Complaint asserts a cause of action pursuant to 35 U.S.C. § 292(a) which provides as follows:

> Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public… [s]hall be fined not more than $500 for every such offense.

By its very terms, the statute presupposes that the defendant must have marked a product for sale or introduction to commerce with an erroneous patent number. *See generally*, *Clontech Labs, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005). In this instance, not only does PSC not mark any products with patent numbers, but rather PSC does not sell or otherwise distribute any products in the United States. *See generally*, Sable Affidavit. Instead, PSC's business is limited to the development and licensing of intellectual property rights, including patents.

The Complaint alleges that "Phillips Company [PSC] and/or Phillips Fastener manufacture and distribute the Phillips II Plus® High Performance fastener system." Complaint at ¶ 4. Further, the Plaintiff alleges that "Phillips Company [PSC] and/or

3

Phillips Fastener violated 35 U.S.C. § 292(a), by marking, affixing or using in advertising products with expired and/or inapplicable patents, with the intent to deceive competitors and the public." Complaint at ¶ 6. Since the Plaintiff has named both Phillips Fastener, LLC and Phillips Screw Company as defendants, the Plaintiff must have intended to make these allegations against both companies.[1] However, the allegations against PSC are wholly unsupported and, in fact, are false.[2]

PSC's sole business is the development of intellectual property for licensing. It does not manufacture, distribute, sell or mark any products in the United States. Therefore, as a matter of law, PSC can not be held liable pursuant to 35 U.S.C. § 292.

Accordingly, PSC respectfully requests that summary judgment enter in its favor.[3]

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | PHILLIPS SCREW COMPANY |
|  | By its attorneys, |
| May 12, 2010 | /s/ James P. Murphy |
|  | James P. Murphy, Reg. No. 6209576 |
|  | Kevin A. O'Connor, Reg. No. 6294508 |
|  | Local Counsel for Defendants |
|  | McAndrews, Held & Malloy, Ltd. |
|  | 500 West Madison Street, Suite 3400 |
|  | Chicago, Illinois 60661 |
|  | Ph: 312.775.8000 |
|  | Fax: 312.775.8100 |
|  | jmurphy@mcandrews-ip.com |
|  | koconnor@mcandrews-ip.com |

---

[1] The imprecision in pleading which runs throughout the conclusory allegations contained in the Complaint renders the pleading insufficient as a matter of law. Accordingly, both PSC and PF have also moved to dismiss simultaneously pursuant to Fed.R.Civ.P. 9(b), (8) and/or 12(b)(6).

[2] On April 21, 2010, counsel for PSC and PF sent correspondence to counsel for the Plaintiff, Heathcote Holdings Corp., Inc. and requested that Heathcote withdraw its Complaint as the Complaint was without factual basis. In that correspondence, PSC made clear that it does not develop, market, distribute or mark with patents any products in the United States. To date, Heathcote has not voluntarily withdrawn its Complaint pursuant to Fed.R.Civ.P. 11(c).

[3] Although this Motion is brought before any discovery has occurred, no amount of discovery will change the fact that there is no set of facts that would support the allegations of the Plaintiff that PSC violated 35 U.S.C. §292. Therefore, relief pursuant to Rule 56(f) should not be available.

and

Christopher Weld, Jr. (BBO # 522230)
cweld@toddweld.com
Kevin T. Peters (BBO # 550522)
kpeters@toddweld.com
TODD & WELD LLP
28 State Street
Boston, MA 02190
(617) 720-2626

*Pro Hac Vice* pending

5

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 12, 2010, I electronically filed the foregoing **PHILLIPS SCREW COMPANY'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following, and it will also be served by U.S. mail on the following:

*Attorneys for Plaintiff HEATHCOTE HOLDINGS CORP., INC.*

| | |
|---|---|
| Matthew S. Miller | matt@mattmillerlaw.com |
| Matthew S. Miller, Ltd. | |
| 111 W. Washington Street, Suite 1100 | |
| Chicago, Illinois 60602 | |
| Phone: (312) 251-6066 | |
| Fax: (312) 278-0676 | |

| | |
|---|---|
| Richard J. Prendergast | rprendergast@rjpltd.com |
| John C. Ellis | jellis@rjpltd.com |
| Michael T. Layden | mlayden@rjpltd.com |
| Richard J. Prendergast, Ltd. | |
| 111 W. Washington St., Suite 1100 | |
| Chicago, Illinois 60602 | |
| Phone: (312) 641-0881 | |
| Fax: (312) 641-3562 | |

                                                                  /s/ James P. Murphy
                                                                   James P. Murphy
                                                                   Kevin A. O'Connor
                                                                   McANDREWS, HELD & MALLOY, LTD.
                                                                   500 West Madison, 34th Floor
                                                                   Chicago, IL 60661
                                                                   Tel: (312) 775-8000
                                                                   Fax: (312) 775-8100
                                                                   jmurphy@mcandrews-ip.com
                                                                   kocconor@mcandrews-ip.com

                                                                   Christopher Weld, Jr.
                                                                   Kevin T. Peters
                                                                   TODD & WELD LLP
                                                                   28 State Street
                                                                   Boston, MA 02190
                                                                   Phone: (617) 720-2626
                                                                   Fax: (617) 227-5777
                                                                   cweld@toddweld.com
                                                                   kpeters@toddweld.com

                                                               *Pro Hac Vice* pending